IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CARL LEVERT SLOAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 110-096 |
| ) | |
| BRUCE CHAPMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondent's "Motion to Dismiss Petition for Lack of Exhaustion." (Doc. no. 9.) Petitioner opposes the motion. (Doc. no. 12.) For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion be **DENIED**.

## I. BACKGROUND

In the instant case Petitioner is challenging a May 26, 2000 Richmond County Superior Court conviction. (Doc. no. 1, p. 2.) Petitioner stood trial before a jury and was convicted of one count of aggravated battery, one count of aggravated assault, four counts of false imprisonment, four counts of cruelty to children, two counts of terroristic threats, one count of simple battery, and one count of burglary. (Id.) Petitioner has asserted two grounds for relief in the instant petition. In Ground One, he argues that several of the jury charges were not properly tailored to the allegations of the indictment, resulting in an alleged

violation of his due process rights; in Ground Two, he argues that his trial counsel was ineffective for failing to object to the allegedly improper jury instructions set forth in Ground One. (See doc. no. 1-1, pp. 7-15.)

Petitioner states that he was represented by Randolph Frails during his trial. (Id. at 2.) Petitioner recounts that on June 9, 2000, following his conviction, Mr. Frails filed a motion for a new trial on Petitioner's behalf – a motion that, nearly 11 years later, is still apparently awaiting resolution. (Id.) Petitioner avers that Mr. Frails failed in his duty to ensure the motion for a new trial was resolved and that, as a result, Petitioner filed a complaint against Mr. Frails with the state bar on June 20, 2005. (Id.) Petitioner also explains that on May 15, 2006, another attorney for Petitioner, William Fleming, was granted permission by the trial court to withdraw as Petitioner's appellate counsel. (Id. at 2-3.) Petitioner appears to have been proceeding *pro se* since the withdrawal of Mr. Fleming. (See id. at 3-6.) Following the withdrawal of his counsel, Petitioner appears to have filed amended motions for a new trial on December 4, 2006 and February 20, 2008. (See doc. no. 10-4, p. 3 (copy of clerk's docket sheet for Petitioner's criminal trial).)

Petitioner further reports that on July 20, 2007, he filed a petition for state habeas corpus relief in the Superior Court of Mitchell County. (Id. at 4.) His state habeas petition was dismissed without prejudice because of the pendency of his motion for a new trial. (Id. at 4 & Ex. C (partial transcript of state habeas proceeding); doc. no. 10-3 (copy of state habeas court's order dismissing petition as premature).) In addition, Petitioner has submitted a copy of a petition for a writ of mandamus that he filed *pro se* in the Richmond County Superior Court on April 7, 2009 seeking to compel the appointment of new counsel and the

2

adjudication of his motion for a new trial.¹ (Doc. no. 13, pp. 4-6.) Petitioner has also submitted a copy of another *pro se* motion that he filed in the trial court on May 3, 2009 seeking a court date for a hearing on his motion for a new trial and consideration of a previous motion for the appointment of counsel.² (Id. at 7-11.) Additionally, Petitioner attached to the instant petition a letter dated September 3, 2009, written by the Honorable Carl C. Brown, Jr. – the Richmond County Superior Court Judge who presided over Petitioner's criminal trial – to the Public Defender's Office. (Id. at Ex. C.) In the letter, Judge Brown inquires about Petitioner's pending motion for a new trial and asks whether an attorney can be assigned to the case so that Petitioner's "appeal can be effectuated." (Id.)

Furthermore, in a section of his federal petition titled "Exhaustion of State Remedies," Petitioner persuasively argues that the Court should proceed to the merits of his federal claim despite his failure to exhaust state remedies because of the extreme and unjustified delay in the trial court's resolution of his motion for a new trial. (See doc. no. 1-1, pp. 5-7.)

Following the filing of the petition in this case, the Court issued an Order granting Petitioner's request to proceed *in forma pauperis* and requiring that Respondent answer the

---

¹There is no evidence in the record that any ruling has issued with regard to Petitioner's application for a writ of mandamus. Moreover, an online search of the Richmond County Superior Court's records indicates that Petitioner filed the application for a writ of mandamus, along with a motion to proceed *in forma pauperis*, on April 7, 2009, and that no subsequent action has taken place. See http://coc.augustaga.gov (follow "Civil Search" hyperlink; search for case number "2009RCCV761").

²The April 7, 2009 petition for a writ of mandamus and May 3, 2009 motion were not submitted with the petition, but the Court has granted Petitioner's motion to amend his petition by adding copies of these documents as exhibits to his petition in a simultaneously filed Order.

allegations in the instant petition; in that Order, the Court observed that the petition appeared to be unexhausted. (Doc. no. 7, p. 2 n.1.) However, the Court explicitly noted Petitioner's allegations regarding the long pendency of his motion for a new trial, and allowed the case to proceed under the presumption that "Respondent [would] specifically address this issue, including its implications for the exhaustion requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996." (Id.)

In lieu of filing an answer, Respondent filed the instant motion, in which he asks the Court to dismiss the petition for failure to exhaust state remedies. (See generally doc. no. 9.) In a two-page brief in support of his motion, Respondent acknowledges Petitioner's pending motion for a new trial and asserts, as that motion is still pending, Petitioner has not exhausted his state remedies because he has not presented the grounds asserted in the instant petition on direct appeal, as will be his option once the trial court rules on his motion for a new trial. (Doc. no. 9-1, pp. 1-2.) Respondent offers no explanation as to why Petitioner's initial motion for a new trial, originally filed in June of 2000, has been pending for nearly 11 years. Nor does he address the issue of whether exhaustion should be excused in the case because of the egregious and unjustified delay in the resolution of that motion, despite Petitioner having explicitly raised that argument in his petition and the Court having acknowledged the issue in its August 6, 2010 Order. (See doc. no. 1-1, pp. 5-7; doc. no. 7, p. 2 n.1.) In his response to Respondent's motion to dismiss, Petitioner points out Respondent's failure to explain the delay in the state court's resolution of his motion for a new trial. (Doc. no. 12, pp. 2-4.)

4

## II.     DISCUSSION

The instant case presents the deplorable situation of an individual whose motion for a new trial has languished in the state court system for nearly 11 years.[3] For the reasons explained more fully below, the Court finds that this intolerable state of affairs justifies excusing the exhaustion requirement in this case.

A state prisoner's failure to exhaust his remedies in state court will usually result in the dismissal of his federal habeas petition. See 28 U.S.C. § 2254(b) & (c). But this is not always true. A federal habeas court may deviate from the exhaustion requirement under certain conditions, such as when "there is an absence of available State corrective process," or when "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion rule applicable here is rooted in the principle of comity -- that state courts must be afforded a fair opportunity to hear claims

---

[3]Unfortunately, the Court notes that this is not the first time that it has received a § 2254 petition under these circumstances. In the strikingly similar case of Cail v. Smith, a petitioner whose motion for a new trial had gone unresolved for nine years in the Superior Court of Tattnall County filed a petition for relief under § 2254. See CV 605-041, doc. no. 14 (S.D. Ga. Jan. 12, 2006). In that case, the respondent's motion to dismiss for failure to exhaust was denied because of the extreme delay in resolving the motion for new trial. Id., doc. nos. 14 & 17. In a separate Report and Recommendation, the Honorable G.R. Smith, United States Magistrate Judge, opined that "[t]he essence of petitioner's federal habeas petition is that . . . he has been denied his due process right to a direct appeal of his conviction on account of the extraordinary delay in the trial court's disposition of his motion for a new trial." Id., doc. no. 26, p. 4 (S.D. Ga. Dec. 6, 2006). Judge Smith recommended that habeas relief be granted in the form of an "alternative writ" ordering the state court "either to prosecute the appeal within a specified reasonable period of time, or to release the petitioner." Id. at 9 (quoting Simmons v. Reynolds, 898 F.2d 865, 869 (2d Cir. 1990)). The Honorable B. Avant Edenfield, United States District Judge, adopted that recommendation and directed the Superior Court of Tattnall County to decide the motion for a new trial within ten days or release the petitioner from custody. Id., doc. no. 28 (S.D. Ga. Jan. 3, 2007).

5

raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972)[4] (*per curiam*). In this regard, a federal habeas petitioner need not wait until his claims are exhausted "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (*per curiam*) (holding that an inordinate delay can, under certain circumstances, excuse exhaustion).

Nevertheless, when dealing with delays in the state judicial process, the exhaustion requirement may not be set aside lightly. See Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005) ("The exhaustion requirement is not one to be overlooked lightly." (citation omitted)). A critical issue in determining whether to excuse the exhaustion requirement where there have been delays in the state judicial process is whether "the state court has unreasonably or without explanation failed to address petitions for relief." Hollis, 941 F.2d at 1475; Reynolds, 460 F.2d at 1027 (recognizing that "inordinate delay in the State post-conviction process can, in an appropriate case, render the state remedy ineffective to protect a prisoner's rights"). Of course, the Court is aware that the sheer passage of time, in and of itself, does not always serve to obviate the exhaustion rule. Notwithstanding a lengthy delay, the Court

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

should not excuse a failure to exhaust where: (1) the delay is attributable to the petitioner, rather than the state; or (2) the delay may be justified or excused because of the unique circumstances of the case. Cook v. Florida Parole & Probation Comm'n, 749 F.2d 678, 680 (11th Cir. 1985). Similarly, even after a long delay has passed, if it is clear that the state court has awakened to its duties and visible progress toward disposition of the case is being made, the federal court should be hesitant to interfere. See, e.g., Slater v. Chatman, 147 F. App'x 959, 960 (11th Cir. 2005) (*per curiam*).

In this case, the Court finds that the unexplained delay of nearly 11 years in the resolution of Petitioner's motion for a new trial warrants excusing the exhaustion requirement. As noted above, Respondent offers no reason whatsoever to explain this extraordinary delay, despite the issue having been briefed in the petition and raised by the Court in its August 6, 2010 Order. (See doc. no. 1-1, pp. 5-7; doc. no. 7, p. 2 n.1). Indeed, the only evidence suggesting that the state court is making progress toward resolution of the motion for a new trial is the letter submitted by Petitioner from Judge Brown to the Public Defenders Office requesting that a representative from that office check into whether that office "can assign an attorney to this case so that Mr. Sloan's appeal may be effectuated . . . ." (Doc. no. 1, Ex. C.) However, the letter is dated over a year ago, and there is no evidence of subsequent action indicative of progress toward resolution of the motion, which counsels against finding that exhaustion should be required notwithstanding the unreasonably long delay. See Breazeale v. Bradley, 582 F.2d 5, 6 (5th Cir. 1978) (holding that state remedy was ineffective and exhaustion excused where state habeas petition was completely dormant for over one year, and state offered no reason for the delay); cf. Slater, 147 F. App'x

7

at 960 (finding it inappropriate to excuse exhaustion where, despite 14-month delay in appointing appellate counsel, counsel had eventually been appointed and appeal was moving forward).

Likewise, Respondent offers no evidence to suggest that the delay is attributable to Petitioner, rather than the State. Petitioner, on the other hand, has presented evidence that, despite his *pro se* status, he has made efforts to have his motion for a new trial resolved, such as filing a petition for a writ of mandamus and requesting by motion that the trial court hold a hearing on his motion for a new trial. (See doc. no. 13, pp. 4-11.) These efforts by Petitioner to expedite resolution of his motion for a new trial appear to have been to no avail, as there is no indication that the state court has acted on his petition for a writ of mandamus or motion for a hearing on his motion for a new trial. (See doc. no. 10-4, p. 3; see also supra note 1.)

In sum, the Court refuses to sentence Petitioner to an interminable state of limbo by requiring that he exhaust state remedies, when such remedies have been made effectively unavailable by the state court's decade-long delay in ruling on Petitioner's motion for a new trial. The Court finds that it is therefore appropriate to excuse Petitioner from the requirement of exhausting his state remedies. Accordingly, Respondent's motion to dismiss for lack of exhaustion should be **DENIED**.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to dismiss for lack of exhaustion be **DENIED**. (Doc. no. 9.) Should the presiding District Judge adopt this recommendation, Respondent should have thirty (30) days

from the date of the adoption order to file his brief on the merits in compliance with Rule 5 of the Rules Governing 2254 Cases in United States District Courts, as explained in the Court's August 6, 2010 Order.

SO REPORTED and RECOMMENDED this 31st day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE