FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 SEP 13 PM 2:39

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CARL LEVERT SLOAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 110-096 |
| | ) |
| BRUCE CHAPMAN, Warden, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondent's "Renewed Motion to Dismiss Petition for Lack of Exhaustion." (Doc. no. 28.) Petitioner opposes the motion. (Doc. no. 30.) For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion be **GRANTED** and that this case be **DISMISSED** without prejudice and **CLOSED**.

### I. BACKGROUND

In the instant case, Petitioner is challenging a May 26, 2000 Richmond County Superior Court conviction. (Doc. no. 1, p. 2.) Following a jury trial, Petitioner was convicted of one count of aggravated battery, one count of aggravated assault, four counts of false imprisonment, three counts of cruelty to children, two counts of terroristic threats, one count of simple battery, and one count of burglary. (Id.; doc. no. 29, Ex. 7.) Petitioner asserted two grounds for relief in his original petition, and has asserted three additional

grounds in an amendment to his original petition that he was granted permission to file by the Court. (See doc. no 22.) In Ground One, he argues that several of the jury charges were not properly tailored to the allegations of the indictment, resulting in an alleged violation of his due process rights; in Ground Two, he argues that his trial counsel was ineffective for failing to object to the allegedly improper jury instructions set forth in Ground One; in Ground Three, he asserts that there has been an "[i]nordinate delay" in the resolution of his motion for a new trial, which has prevented him from filing a direct appeal; in Ground Four, Petitioner alleges prosecutorial misconduct arising from the introduction of purportedly improper and prejudicial witness testimony; and in Ground Five, he argues that trial court erred by not granting a mistrial based on the testimony discussed in Ground Four. (See doc. no. 1-1, pp. 7-15; doc. no. 18, p. 2.)

Following the filing of the original petition in this case, the Court issued an Order granting Petitioner's request to proceed *in forma pauperis* and requiring that Respondent answer the allegations in the instant petition; in that Order, the Court observed that the petition appeared to be unexhausted. (Doc. no. 7, p. 2 n.1.) However, the Court explicitly noted Petitioner's allegations regarding the long pendency of his motion for a new trial (roughly 11 years), and allowed the case to proceed under the presumption that Respondent would specifically address this issue of exhaustion. (Id.)

In lieu of filing an answer, Respondent filed motion to dismiss the petition for failure to exhaust state remedies. (See doc. no. 9.) The Court recommended that Respondent's motion to dismiss be denied, reasoning that, although Petitioner had failed to exhaust his claims by presenting them to the state court, dismissal was improper because the 11-year

2

pendency of his motion for a new trial in the trial court had unreasonably prevented him from satisfying the exhaustion requirement by filing an appeal and/or a state habeas petition. (See doc. no. 14.) The Court emphasized that Respondent had neither explained this delay nor adequately shown that the state court was making progress toward resolving the motion for a new trial. (See id. at 7.) The Honorable J. Randal Hall, United States District Judge, adopted the recommendation that Respondent's motion to dismiss be denied as the opinion of the of the District Court. (Doc. no. 17.)

Thereafter, Respondent filed his brief on the merits; Petitioner then amended his petition as discussed previously, following which Respondent filed a supplemental response to Petitioner's claims. (See doc. nos. 18-20, 22, 23.) Respondent alleged in his supplemental response to Petitioner's claims that the state trial court had recently resolved Petitioner's motion for a new trial and that Petitioner had filed a notice of appeal. (Doc. no. 23-1, pp. 2-3.) Because of that development, and because of the comity concerns associated with the exhaustion requirement, the Court determined that it was appropriate to revisit the issue of exhaustion. Accordingly, on July 27, 2011, the Court issued an Order directing Respondent to move for the dismissal of the instant petition on exhaustion grounds or to explain why the petition could not be so adjudicated on a motion to dismiss. (Doc. no. 26.)

In compliance with the Court's July 27th Order, Respondent filed the instant motion, in which he again argues that the petition in this case should be dismissed for Petitioner's failure to exhaust state remedies. (See doc. no. 28-1, pp. 4-5.) In conjunction with his renewed motion to dismiss, Respondent has filed records showing that the state trial court held a hearing on Petitioner's motion for a new trial on May 13, 2011, and denied the motion

3

on May 20, 2011.[1] (Doc. no. 29, Ex. 6.) Respondent has also shown that Petitioner has initiated a direct appeal from the judgment of conviction and sentence entered against him. (See id., Ex. 7.) Petitioner opposes Respondent's motion, arguing that the state courts have had an opportunity to address his claims but have failed to do so; Petitioner also emphasizes his contention that the delay in the adjudication of his motion for a new trial violated his due process rights. (See doc. no. 30.) The Court resolves the matter as follows.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal

---

[1]Although requiring exhaustion in this case is appropriate for the reasons discussed below, the Court notes that the instant case and similar recent cases show a disturbing pattern of state courts and counsel for state officials not working to resolve motions and petitions for post-conviction relief until they are effectively forced to do so by the filing of a federal habeas corpus action. See, e.g. Wilkes v. Kemp, CV 109-149, doc. no. 21, p. 5 (S.D. Ga. Aug. 3, 2010); Cail v. Smith, CV 605-041, doc. nos. 26, 28 (S.D. Ga. Jan. 3, 2007).

4

claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[2] Id. However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver

---

[2]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

5

of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[3]

---

[3] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly

6

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.[4]

In the case at bar, Petitioner admits that he has not exhausted his state court remedies, but argues that the exhaustion requirement should be excused because of the significant delay in the state trial court's resolution of his motion for a new trial, as the Court reasoned in addressing Respondent's first motion to dismiss. (See doc. nos. 14, 30.) However, unlike the first motion to dismiss, in which Respondent failed to show that the trial court was making adequate progress toward resolution of the motion for a new trial, Respondent has shown in conjunction with the instant motion that the motion for a new trial has been resolved and that Petitioner is currently moving forward with a direct appeal with newly appointed counsel. (See doc. no. 29, Exs. 6, 7.)

As explained in the Court's January 31, 2011 Report and Recommendation, the exhaustion requirement may be set aside if "there is an absence of available State corrective

---

incorporated into § 2254(b)(2).

[4]When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). Petitioner has not presented any exhausted claims in the present petition and, therefore, the stay and abeyance procedure is inapplicable.

7

process" or when "circumstances exist that render such process ineffective to protect the rights of the applicant," such as "inordinate delay in the State post-conviction process." (Doc. no. 14, pp. 5-6 (citing 28 U.S.C. § 2254(b)(1)(B) and Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (*per curiam*)).) However, under Eleventh Circuit law, even after a long delay has passed, if it is clear that the state court has awakened to its duties and that visible progress toward disposition of the case is being made, the federal court should typically require the petitioner to complete the available state procedures before bringing his claims in a federal habeas petition. See Slater v. Chatman, 147 F. App'x 959, 960 (11th Cir. 2005) (*per curiam*) ("Given that the state courts are now moving forward with [the petitioner's] direct appeal, we cannot say that 'there is an absence of available State corrective process[] or circumstances exist that render such process ineffective to protect the rights of the applicant.'" (citing 28 U.S.C. §§ 2254(b)(1)(B)(i) - (ii))); see also Hughes v. Stafford, 780 F.2d 1580, 1581 (11th Cir. 1986) (despite eight-year delay in adjudication of state habeas petition, exhaustion requirement upheld where state court eventually adjudicated state habeas petition and petitioner had a "viable state procedure available").

Petitioner's arguments against requiring exhaustion in this case are unavailing. Contrary to Petitioner's insistence that the long delay in the adjudication of his motion for a new trial warrants excusing the exhaustion requirement (see doc. no. 30), as explained above, the fact that state court is moving forward with his appeal shows the availability of procedures that must be exhausted before he can petition the federal court for habeas relief.

Petitioner's assertion that the long delay in the resolution of his motion for a new trial violated his due process rights is also insufficient to justify setting aside the exhaustion

requirement. Notably, this is argument is essentially the same as that set forth in Ground Three of the instant petition. (See doc. no. 18, p. 2.) However, in the habeas corpus context, the proper relief for such a due process violation would be to order the state court either to release Petitioner from confinement or to adjudicate the motion for a new trial within a specified time period. Cail v. Smith, CV 605-041, doc. no. 26, p. 9 (S.D. Ga. Dec. 6, 2006) ("The usual disposition of a meritorious habeas petition based on a delayed appeal is to grant an alternative writ that orders the state either to prosecute the appeal within a specified reasonable period of time, or to release the petitioner." (quoting Simmons v. Reynolds, 898 F.2d 865, 869 (2d Cir. 1990)), *adopted as opinion of District Court at* doc. no. 28 (directing state court to decide motion for new trial within 10 days or to release petitioner from custody) (Edenfield, J.). Therefore, as Respondent argues, the fact that the state court has now adjudicated Petitioner's motion for a new trial renders Petitioner's due process argument moot.[5] See Lambrix v. Singletary, 72 F.3d 1500, 1508 (11th Cir. 1996) (finding claim in § 2254 petition moot because appropriate remedy for the claim had already been independently granted).

In sum, Petitioner has not exhausted his state remedies, and Respondent has shown that the state court is making progress toward the disposition of Petitioner's claims. Therefore, the instant federal habeas corpus petition should be dismissed without prejudice, as requested by Respondent in his renewed motion to dismiss.

---

[5]Although Respondent clearly requests dismissal the instant petition in its entirety, he omits Ground Three from the enumerated list of Petitioner's unexhausted claims. (See doc. no. 5, p. 7.) However, because the claim in Ground Three is moot for the reasons discussed above, this omission does not alter the Court's conclusion that the instant petition must be dismissed in its entirety for failure to exhaust state remedies.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's renewed motion to dismiss for lack of exhaustion be **GRANTED** (doc. no. 28) and that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this __ day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE