IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CARL LEVERT SLOAN,                     )
                                       )
                  Petitioner,          )
                                       )
        v.                             )        CV 110-096
                                       )
BRUCE CHAPMAN, Warden,                 )
                                       )
                  Respondent.          )

_____

**O R D E R**

_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 36).[1] Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommended that Respondent's renewed motion to dismiss (doc. no. 28) be granted and that this case be dismissed without prejudice for failure to exhaust state remedies. (Doc. no. 32.) In reaching the conclusion that the case should be dismissed, the Magistrate Judge recognized that there had been an extraordinary delay of approximately 11 years in the adjudication of Petitioner's motion for a new trial by the trial court in which he was convicted. However, the Magistrate Judge determined that dismissal was nevertheless appropriate because Respondent showed that the motion for a new trial was recently adjudicated and that Petitioner was moving forward with a direct appeal. (Id. at 7-9.)

_____

[1]Petitioner was granted an extension of time in which to object to the R&R, and he filed his objections within the extended time limit. (Doc. nos. 35, 36.)

In his objections, Petitioner continues to emphasize the delay in the adjudication of his motion for a new trial, and he implores the Court to hear the claims in the instant petition despite the pendency of his direct appeal. (See doc. no. 36, pp. 3-9.) Petitioner contends that he is entitled to a determination as to whether the delay in the adjudication of his motion for a new trial violated his due process rights by rendering his pending appeal a "meaningless ritual." (Id. at 4 (citing Evitts v. Lucey, 469 U.S. 387, 394 (1985), Simmons v. Reynolds, 898 F.2d 865, 867 (2d Cir. 1990), and Mathis v. Hood, 851 F.2d 612, 614 (2d Cir. 1988).)

Upon consideration, the Court finds that Petitioner's objections lack merit. The cases relied upon by Petitioner are inapposite. Evitts, for example, established that a federal habeas petitioner was entitled to relief where he had been afforded ineffective assistance of counsel on direct appeal; notably, the direct appeal in that case was complete prior to the petitioner's initiation of federal habeas corpus proceedings. 469 U.S. at 390. Similarly, the Second Circuit's decision in Simmons addressed the question of whether a federal habeas petitioner might challenge the adequacy of his appeal on due process grounds after the appeal had been decided, not during the pendency of the appeal. See 898 F.2d at 867 ("[D]espite his appeal having been decided, [petitioner] was entitled to a habeas determination of whether his appeal was no more than a 'meaningless ritual,' entitling him to release, to rehearing of his appeal, or to some other remedy." (emphasis added) (internal citation omitted)). The instant case is also readily distinguishable from Mathis, in which the court held that, following an unsuccessful direct appeal, the petitioner could continue to pursue a due process claim challenging the adequacy of his appeal and seeking "unconditional release from custody." 851 F.2d at 612-13.

The dismissal without prejudice of the instant case will not prevent Petitioner from

2

later raising a due process claim challenging the adequacy of his appeal. However, as explained by the Magistrate Judge (see doc. no. 32, pp. 8-9), notwithstanding the substantial delay in his state court proceedings, because state courts have begun to make progress toward disposition of his case, Petitioner must complete all available state procedures before bringing such a claim in a federal habeas petition. See Slater v. Chatman, 147 F. App'x 959, 960 (11th Cir. 2005) (*per curiam*); Hughes v. Stafford, 780 F.2d 1580, 1581 (11th Cir. 1986).

For these reasons, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Respondent's renewed motion to dismiss for lack of exhaustion is **GRANTED** (doc. no. 28), and this case is **DISMISSED** without prejudice.

Furthermore, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.

---

[2]"If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3

Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this _30th_ day of November, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA